RENDERED: JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1486-MR

JAMES PETTY, JR. AND MICHELLE
MARIE PETTY                                                                    APPELLANTS


                        APPEAL FROM PULASKI CIRCUIT COURT
v.                      HONORABLE MARCUS L. VANOVER, JUDGE
                        ACTION NO. 18-CI-00992


MORGAN PHELPS AND JAMES
KENNETH PETTY, III                                                              APPELLEES


                                    OPINION
                                    AFFIRMING

                                ** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE:  Appellants (the Pettys) appeal from the Pulaski Circuit Court's

findings of fact, conclusions of law, and order, entered August 27, 2019, denying

their petition for grandparent visitation.  After careful review of the record, brief,

and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On September 27, 2018, the Pettys filed a petition seeking visitation with their two minor grandchildren pursuant to KRS[1] 405.021. The Pettys alleged that prior to August 2018, when contact was unceremoniously discontinued, they had enjoyed extensive, ongoing contact with their grandchildren and it would be in the children's best interest to grant them permanent and significant visitation. Appellees, Morgan Phelps, the children's mother, and James Kenneth Petty, III, the children's father, did not timely answer; however, Phelps, who has sole custody of the children, opposed the motion. After a final hearing, the court found that the Pettys had not met their burden of proof and denied their petition. This appeal followed. Additional facts will be introduced as they become relevant.

## ANALYSIS

Before addressing the Pettys' claim, we must note that the appellees, who are proceeding *pro se* on appeal, have failed to file briefs. Accordingly, we are permitted to: "(i) accept the appellant[s'] statement of the facts and issues as correct; (ii) reverse the judgment if the appellant[s'] brief reasonably appears to sustain such action; or (iii) regard the appellee[s'] failure[s] as a confession of error and reverse the judgment without considering the merits of the case." CR[2]

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

76.12(8)(c). Under the facts of this case, we decline to enforce a penalty and will review the Pettys' brief on its merit.

"The Circuit Court may grant reasonable visitation rights to the . . . grandparents of a child . . . if it determines that it is in the best interest of the child to do so." KRS 405.021(1)(a). In recognition of the parents' fundamental superior right to make decisions regarding their child's care, custody, and control, the Kentucky Supreme Court in *Walker v. Blair*, 382 S.W.3d 862 (Ky. 2012), established a heightened standard by which circuit courts are to analyze grandparent visitation claims.

Under this heightened standard, unless parental unfitness is alleged, a court must start with the presumption that a parent acts in the child's best interest. *Id.* at 870-71. To overcome this presumption and succeed on their petition, a grandparent must demonstrate by "clear and convincing evidence that visitation with the grandparent is in the child's best interest. In other words, the grandparent must show that the fit parent is clearly mistaken[.]" *Id.* at 871. Where the grandparent fails to meet their burden, "parental opposition alone is sufficient to deny [the petition]." *Id.* The *Walker* court also identified factors which a circuit court may consider in reaching its determination. *Id*.

The Pettys argue that the court misapplied the *Walker* analysis by giving improper weight to Phelps's opposition, despite finding it likely the children

would benefit from future visitation with them. In support, the Pettys refer this Court to two alleged misstatements of law in the final order. First, after expressing a hope the parties would reconcile in the future, the trial court stated, "a custodial parent's wishes acting in the best interest of the children must control." Second, the court stated, "[t]he standard with which grandparent visitation cases are determined 'create[s] an almost insurmountable hurdle' for grandparents seeking visitation," citing Justice Scott's dissent in *Walker*. Based on the above, the Pettys urge this Court to reverse the order denying them visitation and remand this matter with instructions for the trial court to apply the proper standard.

We review *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001). Contrary to the Pettys' belief, the trial court's denial of their petition is not inherently erroneous simply because the court found that visitation would likely benefit the children. The potential benefit and/or detriment of granting visitation is merely one factor a court may consider and is not individually determinative of the result. *Walker*, 382 S.W.3d at 871.

Furthermore, the alleged misstatements of law do not require reversal. The first statement, which was designated as a finding of fact, is a correct, albeit perhaps incomplete, statement of the law. Where a grandparent does not meet the burden of proof, which is what the court ultimately determined, the parent's decision controls, even if the court thinks a better decision could be made. *Id.* at

-4-

870-71.  As for the second alleged misstatement, while the Pettys argue it demonstrates that the court relied solely on Justice Scott's dissent and, consequently, applied a more stringent standard, this is not accurate.  The court correctly identified the standard set forth by the *Walker* court when it stated that Phelps's opposition to visitation must be presumed to be in the children's best interest and that the Pettys had the burden to overcome that presumption through clear and convincing evidence.

Additionally, while the Pettys argue the court slavishly yielded to Phelps's decision, the findings of fact clearly demonstrate consideration of the factors identified by the *Walker* court.  As part of that consideration, the court found that:  (1) the lack of contact had not negatively impacted the children; and (2) the animosity between the parties would likely result in a negative impact on the children were visitation granted.  The Pettys have not challenged these findings.  As a review of the order *in toto* demonstrates, the court correctly applied the applicable law and the denial of the petition is supported by the court's findings of fact; thus, the Pettys' claim fails.

**CONCLUSION**

Therefore, and for the foregoing reasons, the order of the Pulaski Circuit Court denying the Pettys' petition for grandparent visitation is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:                    NO BRIEF FILED FOR
                                         APPELLEES.
Joseph Brand Venters
Somerset, Kentucky